Ricky J. SILEO, Plaintiff–Appellant,

v.

PRINCIPAL LIFE INSURANCE COMPANY and Principal Financial Group, Defendants–Appellees.

Docket No. 01–7607.

United States Court of Appeals, Second Circuit.

March 6, 2002.

New York, sitting by designation.

Livingston L. Hatch, Plattsburgh, N.Y., for Appellant.

Edward J. Boyle, Wilson, Elser, Moskowitz, Edelman & Dicker, N.Y., N.Y., for Appellees.

Present KEARSE, JACOBS, Circuit Judges, and Honorable JONES, District Judge *.

### SUMMARY ORDER

This cause came on to be heard on the record from the United States District Court for the Northern District of New York, and was submitted by counsel.

ON CONSIDERATION WHEREOF, it is now hereby ordered, adjudged, and decreed that the judgment of said District Court be and it hereby is affirmed.

Plaintiff Ricky Sileo appeals from a judgment of the United States District Court for the Northern District of New York, David N. Hurd, *Judge,* dismissing, pursuant to Fed.R.Civ.P. 12(b)(6), his complaint alleging that defendants breached an agreement pursuant to which he was entitled to a continuation of long-term disability benefits. On appeal, Sileo contends that the court erred in ruling that his complaint failed to state a claim on which relief can be granted and abused its discretion in not allowing him to file an amended complaint. Finding no merit in his contentions, we affirm.

We affirm the dismissal of the complaint substantially for the reasons stated in Judge Hurd's Memorandum–Decision and Order dated April 9, 2001. Sileo's allegation that defendants changed the contractual conditions under which he was entitled to long-term disability benefits was contradicted by the terms of the agreement itself, which imposed different conditions with respect to different intervals following the onset of disability. We see no error in the court's ruling.

Nor did the district court abuse its discretion in not granting Sileo permission to amend the complaint. Although leave to replead should be granted freely where justice so requires, *see* Fed.R.Civ.P. 15(a); *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962), Sileo has not called our attention to any indication in the record that he requested leave to amend the complaint, and we generally "do not deem it an abuse of the district court's discretion to order a case closed when leave to amend has not been sought," *Shields v. Citytrust Bancorp, Inc.,* 25 F.3d

---

* Honorable Barbara S. Jones, of the United States District Court for the Southern District of New York, sitting by designation.

1124, 1132 (2d Cir.1994). Further, there was no basis on which the court should have inferred that, if given an opportunity to replead, Sileo could legitimately have alleged that he met the conditions imposed by the agreement, given the explicit premise of Sileo's complaint that defendants' "breach was by *changing* the terms and conditions of the agreement" (Complaint ¶ 8 (emphasis added)).

We have considered all of Sileo's contentions on this appeal and have found them to be without merit. The judgment of the district court is affirmed.